## IN THE MATTER OF MORRIS RUBIN, AN ATTORNEY AT LAW.

Argued June 25, 1951—Decided June 29, 1951.

*Mr. Joseph A. Murphy* argued the cause for the Attorney-General.

*Mr. Jerome C. Eisenberg* argued the cause for the respondent.

PER CURIAM.   The factual situation which gave rise to the issuance of the order to show cause in this matter is set forth in the opinion of this court in the case of *Staedler v. Staedler*, 6 *N. J.* 380 (March 5, 1951).

Canon 6 of the Canons of Professional Ethics provides in part as follows:

"It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

It is clear from the record in the *Staedler* case and from the depositions taken on this order to show cause that the conduct of the respondent at the time of the drawing of the agreement between Mr. and Mrs. Staedler was in violation of this canon.

Canon 31 provides:

"No lawyer is obliged to act either as adviser or advocate for every person who may wish to become his client. * * * The responsibility for advising questionable transactions, for bringing questionable suits, for urging questionable defenses, is the lawyer's responsibility. He cannot escape it by urging as an excuse that he is only following his client's instructions."

The conduct of the respondent in drafting the unenforceable and illegal agreement between Mr. and Mrs. Staedler constituted a violation of this canon.

For these reasons we find the respondent guilty of unprofessional conduct requiring disciplinary action. The judgment of the court is that the respondent be suspended from practice as an attorney-at-law for a period of one year and until the further order of the court.